**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-cv-223
Filed: July 28, 2016

*******************************************

| | |
|---|---|
| RONALD GENE KENYON, | 28 U.S.C. § 1941; |
| | Rules of the United States Court |
| Plaintiff, *pro se*, | of Federal Claims ("RCFC"), |
| | RCFC 12(b)(1), |
| v. | RCFC 12(b)(6). |
| | |
| THE UNITED STATES, | |
| | |
| Defendant. | |

**FILED**
**JUL 28 2016**
U.S. COURT OF
FEDERAL CLAIMS

*******************************************

**Ronald Gene Kenyon**, Marianna, Florida, Plaintiff, *pro se*.

**Jimmy S. McBirney**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS

**BRADEN**, *Judge*.

### I.    RELEVANT FACTUAL BACKGROUND.[1]

Ronald Gene Kenyon currently is imprisoned at the Federal Corrections Institute ("FCI") in Marianna, Florida. Am. Compl. at 1. On January 12, 2004, Mr. Kenyon was convicted of three counts of aggravated sexual abuse of a child under the age of twelve and two counts of abusive sexual contact in the United States District Court for South Dakota. *See United States v. Kenyon*, No. 3:03-30071, Dkt. No. 66 (D.S.D. July 16, 2007) (Judgment and Commitment of Mr. Kenyon). On February 11, 2005, the United States Court of Appeals for the Eighth Circuit reversed the judgment and remanded the case for new trial. *See Kenyon v. United States*, 397 F.3d 1071, 1082 (8th Cir. 2005) (holding that the trial court improperly admitted hearsay testimony).

On February 2, 2006, the United States District Court for South Dakota retried Mr. Kenyon who was convicted of four counts of aggravated sexual abuse of a child. *See United States v.*

---

[1] The relevant facts discussed herein were derived from the May 5, 2016 Amended Complaint ("Am. Compl.").

*Kenyon*, No. 3:03-30071, Dkt. No. 133 (D.S.D. July 16, 2007) (Judgment and Commitment of Mr. Kenyon). On April 9, 2007, the United States Court of Appeals for the Eighth Circuit again reversed. *See United States v. Kenyon*, 481 F.3d 1054, 1058 (8th Cir. 2007) (reversing two counts of aggravated sexual abuse of a child, because of an erroneous jury instruction and insufficient evidence). On July 16, 2007, Mr. Kenyon was sentenced to two 293-month concurrent terms for the two counts of aggravated sexual abuse of a child that the United States Court of Appeals for the Eighth Circuit affirmed. *See United States v. Kenyon*, No. 3:03-30071, Dkt. No. 155 (D.S.D. July 16, 2007) (Second Amended Judgment of Mr. Kenyon).

## II. PROCEDURAL HISTORY.

On February 8, 2016, Mr. Kenyon ("Plaintiff") filed a Complaint against the United States (the "Government") in the United States Court of Federal Claims, alleging wrongful imprisonment, as well as violations of the United States Constitution and the "bad men" clause of the Fort Laramie Treaty of 1868 ("Compl.").[2]

On that same day, Mr. Kenyon filed a Notice Of Directly Related Cases: *Fourstar v. United States*, 122 Fed. Cl. 596 (2015); *Jones v. United States*, 122 Fed. Cl. 543 (2015); *Peters v. United States*, No. 15-528C, Dkt. No. 20 (Fed. Cl. Nov. 10, 2015) (Memorandum Opinion And Final Order); *Ballard v. United States*, No. 15-799C, 2016 WL 1057023 (Fed. Cl. Mar. 16, 2016); *Little Coyote v. United States*, No. 15-723C, 2016 WL 1057023 (Fed. Cl. Mar. 16, 2016); and *Harrison v. United States*, No. 15-1271C, 2016 WL 3606066 (Fed. Cl. June 30, 2016).

Mr. Kenyon also filed a Motion For Leave To Proceed *In Forma Pauperis* that the court granted on February 24, 2016.

On April 8, 2016, the Government filed a Motion To Dismiss the February 8, 2016 Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the United States Court of Federal Claims ("RCFC").

On May 5, 2016, Mr. Kenyon filed a Motion To Stay, a Motion For Extension Of Time, and a Motion To Amend Complaint, attaching an Amended Complaint ("Am. Compl."). On May 26, 2016, the court granted Mr. Kenyon's May 5, 2016 Motion To Amend Complaint, but denied Mr. Kenyon's other May 5, 2016 Motions as moot.

---

[2] The Fort Laramie Treaty of 1868, in relevant part, provides:

If bad men among the whites, or among other people subject to the authority of the United States, shall commit any wrong upon the person or property of the Indians, the United States will, upon proof made to the agent and forwarded to the Commissioner of Indian Affairs at Washington City, proceed at once to cause the offender to be arrested and punished according to the laws of the United States, and also re-imburse the injured person for the loss sustained.

Fort Laramie Treaty of 1868, art. I, 15 Stat. 635.

The May 5, 2016 Amended Complaint names the United States as a defendant, and states two claims. Am. Compl. at 1–3. The first claim alleges that "defendants," the Acting Director of the Federal Bureau of Prisons ("FBP"), an Assistant United States Attorney, a Mental Health Doctor at FCI Marianna, Florida, a Senior Judge of the United States District Court for South Dakota, and unnamed officers, acting as agents of the United States, allegedly unreasonably and retroactively applied: 42 U.S.C. § 16913(a);[3] 18 U.S.C. § 3583(d);[4] Federal Bureau of Prisons ("FBP") Program Statement 5110.17;[5] and FBP Program Statement 5394.01.[6] By applying these

---

[3] The 2006 Sex Offender Notification & Registration Act, also known as the Adam Walsh Child Protection and Safety Act of 2006, in relevant part, provides:

> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

42 U.S.C. § 16913(a).

[4] Section 3583(d) of the Sex Offender Monitoring Act, in relevant part, provides:

> The court shall order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision and that the defendant not unlawfully possess a controlled substance[.]

18 U.S.C. § 3583(d).

[5] The FBP Program Statement 5110.17, in relevant part, provides:

> This policy . . . requires that the Bureau of Prisons (Bureau) notify state, tribal, and local law enforcement officials at least five calendar days prior to releasing to Supervised Release, probation, or parole, prisoners who have been convicted of a "drug trafficking crime" or a "crime of violence."

FEDERAL BUREAU OF PRISONS, PROGRAM STATEMENT NO. 5110.17, NOTIFICATION REQUIREMENTS UPON RELEASE OF SEX OFFENDERS, VIOLENT OFFENDERS, AND DRUG TRAFFICKERS (2014).

[6] The FBP Program Statement 5394.01, in relevant part, provides:

> [A] person in [FBP] custody is a sexually dangerous person when review under this subpart provides reasonable cause to believe that the person is a sexually dangerous person. In determining whether a person is a sexually dangerous person and should be so certified, the Bureau will consider any available information in its possession and may transfer the person to a suitable facility for psychological examination[.]

FEDERAL BUREAU OF PRISONS, PROGRAM STATEMENT NO. 5394.01, CERTIFICATION AND CIVIL COMMITMENT OF SEXUALLY DANGEROUS PERSONS (2016).

statutes and policies, "defendants" violated Mr. Kenyon's rights, pursuant to the "bad men" clause of the Fort Laramie Treaty of 1868, as well as the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. Am. Compl. at 2. In addition, for the first claim, the May 5, 2016 Amended Complaint seeks: injunctive and declaratory relief enjoining the United States from enforcing the above referenced statutes and policies with respect to Mr. Kenyon; $25 million in damages for wrongful imprisonment; and his immediate release from the FCI. Am. Compl. at 2.

The second claim alleges that the Acting Director of the FBP, a Federal Bureau of Investigation Indian Case Agent, a Bureau of Indian Affairs Superintendent, and a Senior Judge for the United States District Court of South Dakota, allegedly unreasonably applied: 18 U.S.C. § 1153(a);[7] 18 U.S.C. § 2241(c);[8] 18 U.S.C. § 2244(a)(1);[9] and

---

[7] Section 1153(a) of the Major Crimes Act, referred to by Mr. Kenyon as the "Indians Crime Act of 1876," in relevant part, provides:

> Any Indian who commits against the person or property of another Indian or other person . . . an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect . . . within the Indian country, shall be subject to the same law and penalties as all other persons . . . within the exclusive jurisdiction of the United States.

18 U.S.C. § 1153(a).

[8] Section 2241(c) of the Sexual Abuse Act of 1986, in relevant part, provides:

> Whoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years . . . knowingly engages in a sexual act with another person who has not attained the age of 12 years, or knowingly engages in a sexual act . . . with another person who has attained the age of 12 years but has not attained the age of 16 years (and is at least 4 years younger than the person so engaging), or attempts to do so, shall be fined under this title and imprisoned for not less than 30 years or for life.

18 U.S.C. § 2241(c).

[9] Section 2244(a)(1) of the Sexual Abuse Act of 1986, in relevant part, provides:

> (a) Whoever, in the . . . jurisdiction of the United States or in a Federal prison knowingly engages in or causes sexual contact with or by another person, if so to do would violate —
>
> > (1) Subsection (a) or (b) of section 2241 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than ten years, or both[.]

18 U.S.C. § 2244(a)(1).

4

18 U.S.C. § 2246(2)(D)–(3),[10] thereby violating Mr. Kenyon's rights under the "bad men" clause of the Fort Laramie Treaty of 1868. Am. Compl. at 2–3.

The second claim also alleges that Mr. Kenyon was wrongfully imprisoned, because "defendants" threatened to withhold federal contracting programs under the Indian Self-Determination & Education Assistance Act ("ISDEAA").[11] Am. Compl. at 2–3. In addition, Mr. Kenyon seeks injunctive and declaratory relief enjoining the United States from enforcing the above referenced statutes with respect to Mr. Kenyon, and $25 million in damages for wrongful imprisonment. Am. Compl. at 3. Mr. Kenyon also requests expungement of his "charges, DNA, fingerprints, data and all other legal instruments particular to [him]." Am. Compl. at 2–3.

On June 8, 2016, the Government filed a Motion To Dismiss the May 5, 2016 Amended Complaint ("Gov't Mot."), pursuant to RCFC 12(b)(1) and 12(b)(6). On July 7, 2016, Mr. Kenyon filed a Response ("Pl. Resp.").

---

[10] Section 2246(2)(D) and Section 2246(3) of the Sexual Abuse Act of 1986, in relevant parts, provide:

(2) The term "sexual act" means . . .

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

(3) The term "sexual contact" means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. § 2246(2)(d)–(3).

[11] The ISDEAA, in relevant part, provides:

Whoever, being an officer, director, agent, or employee of, or connected in any capacity with, any recipient of a contract, subcontract, grant, or subgrant pursuant to this subchapter . . . embezzles, willfully misapplies, steals, or obtains by fraud any of the money, funds, assets, or property which are the subject of such a grant, subgrant, contract, or subcontract, shall be fined not more than $10,000 or imprisoned for not more than two years, or both[.]

25 U.S.C. § 450d.

5

## III. DISCUSSION.

### A. Standard Of Review For *Pro Se* Litigants.

A *pro se* plaintiff's pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969).

### B. Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(1).

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "lack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

### C. Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(6).

Although a complaint "attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The court, however, "do[es] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.*; *see also* RCFC 12(b)(6) ("Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defense[] may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted[.]"). When reviewing a motion to dismiss for failure to state a claim upon which relief may be granted, the court "must accept as true all the factual allegations in the complaint, and . . . indulge all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001) (citations omitted).

### D. The Government's June 8, 2016 Motion To Dismiss.

#### 1. The Government's Argument.

The Government argues that the United States Court of Federal Claims does not have jurisdiction to adjudicate the claims in the May 5, 2016 Amended Complaint, because Mr. Kenyon seeks review of a criminal conviction. Gov't Mot. at 5 (citing *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he [United States] Court of Federal Claims does not have jurisdiction to review the decision of district courts or the clerks of district courts relating to proceedings before those courts.")). In addition, the designated "defendants," were acting as federal agents in their professional capacity and, as a matter of law, are immune from suit. Gov't

Mot. at 5 (citing *Imbler v. Pachman*, 424 U.S. 409, 424 (1976) (holding that a state prosecuting attorney has absolute immunity from civil liability when acting within the scope of his duties)).

Even if the court had jurisdiction to review a district court's decision, the court still would not have jurisdiction over the claims alleged in the May 5, 2016 Amended Complaint, because the claims alleged state that "defendants" "knowingly and willfully and wrongfully violated [Mr. Kenyon's] rights." Gov't Mot. at 6 (quoting *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010) ("[T]he Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims . . . . Therefore, this court does not have jurisdiction to hear [plaintiff's] claims sounding in tort.") (citations omitted)).

Assuming *arguendo* that the court has subject matter jurisdiction, the May 5, 2016 Amended Complaint fails to state a claim upon which relief can be granted, because "[the] factual allegations are frivolous on their face." Gov't Mot. at 6 (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) ("[F]actual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]")). The May 5, 2016 Amended Complaint is "supported by nothing more than a litany of implausible accusations." Gov't Mot. at 7. In addition, the claims alleged are "substantially similar to claims recently asserted by [Mr. Kenyon's] fellow inmates[,]" that the court has rejected as "wholly irrational in law and fact." Gov't Mot. at 6 (citing *Jones v. United States*, 122 Fed. Cl. 543, 545 (2016)).

### 2. Plaintiff's Response.

Mr. Kenyon's July 7, 2016 Response includes several arguments that are not relevant to this case, but concern related cases: *Fourstar v. United States*, 122 Fed. Cl. 596 (2015); *Ballard v. United States*, 15-799C, 2016 WL 1057023 (Fed. Cl. Mar. 16, 2016); and *Harrison v. United States*, No. 15-1271C, 2016 WL 3606066 (Fed. Cl. June 30, 2016).

Nonetheless, Mr. Kenyon responds that the sentencing guidelines[12] are impermissibly vague, ambiguous, and unconstitutional. Pl. Resp. at 1 (citing *United States v. Johnson*, 135 S. Ct. 2551, 2557 (2015) (holding that the "residual clause" of the armed career criminal act, 18 U.S.C. § 924(e), is unconstitutionally vague)). Mr. Kenyon also argues that the court has jurisdiction to adjudicate claims, pursuant to: Section 1153(a) of the "Indian Crimes Act of 1876"; Section 2242 of the Criminal Law and Procedure Technical Amendments Act of 1986 ("CLPTAA");[13] Section

---

[12] The United States Sentencing Commission annually publishes a Guidelines Manual that recommends sentences for crimes, including sexual abuse of a minor. *See* U.S. SENTENCING GUIDELINES MANUAL § 2A3.2 (2015) (recommending sentence lengths for counts of sexual abuse based on severity of the crime and past criminal history).

[13] Section 2242 of CLPTAA, in relevant part, provides:

Whoever, in the . . . United States or in a Federal prison, knowingly . . .

(2) engages in a sexual act with another person if that other person is —

(A) incapable of appraising the nature of the conduct; or

7

1962 of the Racketeer Influenced and Corrupt Organizations Act ("RICO");[14] and the "bad men" clause of the Fort Laramie Treaty of 1868. Pl. Resp. at 4–6.

### 3. The Court's Resolution.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400). And, the plaintiff "bears the burden of establishing subject matter jurisdiction

---

> (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act;

or attempts to do so, shall be fined under this title, imprisoned not more than 20 years, or both.

Criminal Law and Procedure Technical Amendments Act of 1986, Pub. L. No. 99–646, § 2242, 100 Stat. 3592 (1986).

[14] Section 1962 of RICO, in relevant part, provides:

> It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962.

8

by a preponderance of the evidence." *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).

In this case, Mr. Kenyon argues that the United States Court of Federal Claims has jurisdiction to adjudicate the claims alleged in the May 5, 2016 Amended Complaint. First, the May 5, 2016 Amended Complaint alleges that the court has jurisdiction, pursuant to the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. Am. Compl at 2. Second, that the court has jurisdiction, pursuant to the "bad men" clause of the Fort Laramie Treaty of 1868. Am. Compl. at 2–3. The May 5, 2016 Amended Complaint alleges that both claims can be characterized as claims for wrongful imprisonment. Am. Compl. at 2–3. Finally, Mr. Kenyon's July 7, 2016 Response also argues that the court has jurisdiction, pursuant to the "Indian Crimes Act of 1876," CLPTAA, and RICO. Pl. Resp. at 4–6.

The court does not have jurisdiction to adjudicate the alleged constitutional violations, because the Fourth, Sixth and Eighth Amendments, as well as the Due Process clauses of the Fifth and Fourteenth Amendments are not "money-mandating." *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) ("[T]he Eighth Amendment is not a 'money-mandating' provision[.]"); *Milas v. United States*, 42 Fed. Cl. 704, 710 (1999) ("[The] Sixth Amendment[] [is] not money mandating[.]"), *aff'd* 217 F.3d 854 (Fed. Cir. 1999); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("[T]he Fourth Amendment does not mandate the payment of money for its violation."); *Leblanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Due Process Clauses of the Fifth and Fourteenth Amendments are not "a sufficient basis for jurisdiction[,] because they do not mandate payment by the Government"). Although the court has jurisdiction to adjudicate a Fifth Amendment Takings Clause claim, the May 5, 2016 Amended Complaint does not allege unjust compensation by the Government. *See Rith Energy v. United States*, 247 F.3d 1355, 1365 (Fed. Cir. 2001) (holding that the court has jurisdiction to adjudicate a Fifth Amendment Takings Clause claim if the plaintiff pleads unjust compensation by the Government). Accordingly, the court does not have jurisdiction to adjudicate the alleged constitutional violations in the May 5, 2016 Amended Complaint.

The court does not have jurisdiction to adjudicate the alleged violations of the "bad men" clause of the Fort Laramie Treaty of 1868, because Mr. Kenyon has not exhausted his administrative remedies by filing a claim with the United States Department of Interior. *See Elk v. United States*, 70 Fed. Cl. 405, 407 (2005) ("As a condition to receiving reimbursement, the [Fort Laramie] Treaty plainly requires that 'proof [be] made to the agent and forwarded to the Commissioner of Indian Affairs at Washington City.'" (quoting Fort Laramie Treaty of 1868, art. I., 15 Stat. 635)); *see also Tsosie*, 11 Cl. Ct. 62, 75 (1986) (holding that the United States Court of Federal Claims has jurisdiction "to review a final administrative decision" of the Department of Interior in a "bad men" reimbursement case), *aff'd Tsosie v. United States*, 825 F.2d 393, 395 (1987).

In the alternative, the claims in the May 5, 2016 Amended Complaint are for wrongful imprisonment. Am. Compl. at 1–3. The court has jurisdiction to adjudicate claims for wrongful imprisonment if Mr. Kenyon,

> [a]llege[s] and prove[s] that:
>
> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

The court does not have jurisdiction to adjudicate Mr. Kenyon's wrongful imprisonment claims, because the claims alleged do not meet the statutory requirements of Section 2513(a), *i.e.*, that Mr. Kenyon received "[a] certificate of the court setting aside or reversing such conviction," or proof that Mr. Kenyon "has been pardoned upon the stated ground of innocence[.]" 28 U.S.C. § 2513(a).

Even if the court construes Mr. Kenyon's wrongful imprisonment claims as a request for review of the District Court of South Dakota's criminal proceedings, the United States Court of Federal Claims "does not have jurisdiction to review the decision of district courts or the clerks of district courts relating to proceedings before those courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *see also Julian v. United States*, No. 15-1344C, 2016 WL 929219, at *2 (Fed. Cl. Mar. 10, 2016) (finding that the court does not have jurisdiction to review appellate court decisions).

In the July 7, 2016 Response, Mr. Kenyon argues that the court has jurisdiction to adjudicate claims, pursuant to: Section 1153(a) of the "Indian Crimes Act of 1876"; Section 2242 of CLPTAA; and Section 1962 of RICO. Pl. Resp. at 4–6. Assuming the May 5, 2016 alleges claims, pursuant to the above referenced statutes, the court does not have jurisdiction, because the statutes are criminal. *See Joshua*, 17 F.3d at 379 ("The court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code[.]"); *see also Hufford v. United States*, 87 Fed. Cl. 696, 702 (2009) (same); *Matthews v. United States*, 72 Fed. Cl. 274, 282 (2006) ("Claims under . . . RICO are criminal claims. This court lacks jurisdiction to adjudicate criminal claims.").

## IV. CONCLUSION.

For these reasons, the Government's June 8, 2016 Motion To Dismiss is **granted**. *See* RCFC 12(b)(1) and 12(b)(6). Accordingly, the Clerk is directed to dismiss the May 5, 2016 Amended Complaint.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**